## IN THE CIRCUIT COURT OF SEVIER COUNTY, ARKANSAS
## CIVIL DIVISION

**FABIAN TOLEDANO**                                        **PLAINTIFF**

**VS.**                        Case No. CV- 2012-85-1

**SHELTER MUTUAL INSURANCE COMPANY, SHELTER GENERAL
INSURANCE COMPANY
And SHELTER INSURANCE COMPANIES**                  **DEFENDANTS**

### COMPLAINT

Comes Plaintiff, FABIAN TOLEDANO, by and through his attorney, Robert E.

Tellez, Monterrey & Tellez, Law Firm, PLLC, and for his cause of action against

Defendants, SHELTER MUTUAL INSURANCE COMPANY, SHELTER GENERAL

INSURANCE COMPANY, subsidiaries of SHELTER INSURANCE COMPANIES,

states and alleges:

### JURISDICTION

1.      Plaintiff is an individual and a resident of Sevier County, Arkansas.

2.      Defendants, Shelter Mutual Insurance Company, Shelter General

Insurance Company, and Shelter Insurance Companies, (hereinafter "Shelter") were at all

times relevant herein corporations licensed to do business in the State of Arkansas.

3.      Shelter sold policies to Plaintiff for two properties located in Dequeen,

Arkansas in Sevier County.

4.      The acts and/or omissions which are the subject of this suit occurred in

2012 OCT - 9  A 11:57

PATTI CHANEY CIRCUIT CLERK

This case Sevier County, Arkansas.
This case assigned to:
Judge Tom Cooper - Div. I
Contact his office for setting:
P. O. Box 214, Ashdown, AR 71822


EXHIBIT
A

5. This Court has jurisdiction of the parties and the subject matter of this case, and venue is proper.

6. Shelter can be served through the Corporation Company, 124 W. Capital Avenue., Suite 1900, Little Rock, AR 72201 who is said company's registered agent for service of process according to the records of the Arkansas Insurance Department.

## COUNT I: BREACH OF CONTRACT

7. Plaintiff and Shelter entered into an agreement which is evidenced by a policy of fire insurance issued by Shelter covering Plaintiff for loss incurred as a result of covered peril. Plaintiff coverage for two properties located next to each other. The policies are known as Policy # 03-37-7175097-1 and Policy #03-37-C-7175097-2. It is verily believed that the policies themselves are in the possession of Shelter.

8. That pursuant to the terms of the subject policy, premiums were paid yearly in advance and were paid directly to a company representative.

9. Shelter is responsible for the actions of its agents/representatives who were acting within the scope of his/her employment and/ or agency under the doctrine of respondeat superior.

10. On or about July 19, 2010, Plaintiff suffered a fire in his home, said loss being the total loss of the structure and its contents and exterior damage to the neighboring structure also owned by Plaintiff and insured by Shelter.

11. On or about August 17, 2010, Plaintiff made demand for benefits under said policy.

12. Shelter has refused to pay Plaintiff benefits to which he is entitled under said contract and is, therefore, in breach of said contract.

2

13. Shelter denied coverage based on a claim that the fire was a set fire and that the policy only covers accidental loss to property.

14. Shelter's attorney, licensed in Oklahoma, investigated the claim and, in a letter dated May 22, 2012, to Plaintiff's attorney, claimed that the Fire Marshal, in De Queen, Arkansas, had determined the fire to be arson.

15. Upon contacting the Fire Marshal, Plaintiff's attorney was informed that the Fire Marshal had made no determination as to whether the fire was or was not arson.

16. In a letter dated May 25, 2012, to Shelter's attorney, Plaintiff's attorney requested a copy of the report in which the fire marshal concluded that the fire was caused by arson. Plaintiff's attorney included email correspondence from the fire marshal in which the fire marshal indicated that he never determined that the fire at 111 West Gilson Avenue, De Queen, Arkansas, was arson.

17. Due to Shelter's failure to pay benefits as described above, Plaintiff has been damaged and is entitled to the following relief:

A. Defendant Shelter owes Plaintiff approximately $62,000 and NO/100 DOLLARS in benefits which should have been paid plus interest;

B. Costs and attorney's fees expended herein;

WHEREFORE, premises considered, Plaintiff Fabian Toledano prays the Court for Judgment in the amount of $62,000 in benefits which should have been paid for BREACH OF CONTRACT; plus interest, costs, attorney fees, and all other proper relief.

## COUNT II: VIOLATION OF ARK. CODE ANN. 23-79-208

18. Paragraphs "1" through "16" herein are incorporated herein by reference as if set out word for word.

3

19. Plaintiff's loss by fire set out in Paragraphs 10 and 11 hereinabove constitutes a loss for purposes of Ark. Code Ann. §23-79-208.

20. The actions of Shelter in refusing to pay benefits for this loss are in violation of Ark. Code Ann. §23-79-208.

21. As a result of this violation set out above, Plaintiff is entitled under Ark. Code Ann. §23-79-208 to damages as follows:

A. The amount of the loss, as set out in paragraph 17 herein;

B. The 12% statutory penalty as provided by Ark. Code Ann. §23-79-208;

C. Reasonable attorney's fees under the Ark. Code Ann. §23-79-208;

D. All costs expended in this action.

WHEREFORE, premises considered, Plaintiff Fabian Toledano prays the Court for Judgment against Shelter FOR VIOLATION OF ARK. CODE. ANN. 23-79-208, in the amount of $62,000 in benefits; penalties under the statute of 12%; for a reasonable attorney's fee under the statute per contingency fee agreement; and for all costs expended herein for all other proper relief.

## COUNT III: BAD FAITH

22. Paragraphs 1 through 21 are incorporated herein by reference as if set out here word for word.

23. Shelter has unnecessarily delayed the evaluation process of Plaintiff's property claim.

24. Shelter has ignored the plain facts of this situation in reaching their denial decision by refusing to acknowledge that the fire department never determined the fire to be arson and then ignoring requests to produce such a report.

4

25. Shelter's decision to deny the Plaintiff benefits is unreasonable based on Shelter's policy, practice, and investigation of the Plaintiff.

26. Shelter's attorney conducted an examination under oath of the Plaintiff whose native language is Spanish. Shelter's attorney had Plaintiff find someone to help interpret the questions.

27. Shelter's attorney made no effort to hire a qualified interpreter to accurately translate the questions and responses. Shelter's attorney then asked that Plaintiff agree to be bound by the interpreter's translation of his answers to Shelter's attorney.

28. Shelter's attorney then complained to the interpreter, after she translated Plaintiff's responses to his questions, that she was not interpreting the answers correctly and demanded that she translate the answers accurately or the examination under oath would not proceed.

29. After completing the examination under oath, Shelter's attorney warned the Plaintiff that his Shelter policy required him to sign and return the exam or his claim would just stop and that Shelter would not be able to make a decision on his claim.

30. Shelter then produced an untranslated transcript of the examination under oath in English rather than in Plaintiff's native language and demanded that Plaintiff sign the affidavit before Shelter could make a decision on Plaintiff's claim.

31. Shelter continued to send Plaintiff correspondence demanding that he sign the affidavit acknowledging that all the testimony in the untranslated copy of the examination under oath was accurate and a correct representation of Plaintiff's testimony, and that Shelter could not make a decision on his claim until it was signed.

32.     Shelter also, negligently, failed to properly investigate and discover whether De Queen Fire Marshal determined the fire to be arson before declaring the fire to be a set fire.

33.     Shelter cannot, now, rely on its own negligence and omissions under the contract to deny Plaintiff coverage under the policy.

34.     The actions of Shelter were taken without any good faith defense.

35.     The actions of Shelter were taken in a dishonest, malicious, and oppressive attempt to avoid liability under this policy as evidenced by the same actions and the circumstances of the denial of benefits.

36.     As a result of the Shelter's actions as set out above, Plaintiff has been damaged as follows:

     A. The amount of loss as outlined in paragraphs 17 and 21 above; and,

     B. Pain, suffering, mental anguish, and emotional distress.

37.     As a result of the Shelter's malicious actions as set out above, Plaintiff is entitled to punitive damages.

38. Plaintiff respectfully demands a trial by jury on all three counts as set out herein.

WHEREFORE, premises considered, Plaintiff Fabian Toledano prays the Court for Judgment against the Defendants for the tort of BAD FAITH, said judgment to be for compensatory and punitive damage, all costs expended herein and for all other proper relief.

6

RESPECTFULLLY SUBMITTED
Fabian Toledano
Plaintiff

By:

**Robert E. Tellez, Ark. Bar #2007281**
**Monterrey & Tellez Law Firm P.L.L.C.**
**615 West Markham, Suite 200**
**Little Rock, Arkansas 72201**
**(501) 952-4688**
**FAX (866) 826-1260**
*ATTORNEY FOR PLAINTIFF*

## VERIFICATION

I, Fabian Toledano, Plaintiff herein, state on oath that I have read the above and foregoing Complaint and state the facts contained herein are true and correct to the best of my knowledge and belief.

*FABIAN Toledano*

FABIAN TOLEDANO, PLAINTIFF

## ACKNOWLEDGMENT

**State of Arkansas** )
                      )ss.
**Count of Pulaski** )

SUBSCRIBED AND SWORN to before me this 22 day of September, 2012.

*Dafne Bustamante*

Notary Public

My Commission Expires:                    (SEAL)

DAFNE BUSTAMANTE
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires January 15, 2019
Commission No. 12388663

8

## Inquiry - Dwelling - Summary - 03-73-7175097-1

# Summary of Application/Policy Data

| Location | | | | Agent | |
|---|---|---|---|---|---|
| Street Address: | 115 GILSON | | | Agent: | WOODS AGENCY INC |
| City: | DE QUEEN | State: | ARKANSAS | ID: | 03-9588-74 |
| Zip: | 71832 | County: | SEVIER | Address: | 305 COLLIN RAYE DR |
| | | | | | DE QUEEN , AR 71832 |
| | | | | Phone: | 870-584-4542 |
| | | | | Commission: | Renewal |
| | | | | Policy Origination: | Mainframe |

## Named Insured

Mailing Name: TOLEDANO, FABIAN
Address: 111 W GILSON
DE QUEEN, AR 71832 - 3237

Home Phone: (806) 429-9617
Work Phone:
Primary SSN: 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
Secondary SSN:

## Policy 03-73-7175097-1    This policy is in Permanent Lapsed status.    Document
## Delivery Preference: Undecided    (Modify)

| Policy Effective Date: | 07/26/2010 | Company: | SHELTER MUTUAL INSURANCE CO |
|---|---|---|---|
| Policy Effective Time: | 12:01 AM | | |
| Expiration Date: | 07/26/2011 | | |

| | |
|---|---|
| Product: | DW |
| Policy Form: | 450.3 |
| Tier Code: | 2000 |
| Policy Deductible: | 500 |
| Other Perils: | Basic - Vandalism |
| Term: | 12 Months |
| Payment Plan: | Normal Payment Method |
| Premium | 294.00 |

## Locations and Coverages

| PROPERTY AT 115 GILSON, DE QUEEN, AR | | | 294.00 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Fire Protection Provider: | DeQueen | | |
| Fire Protection Provider Code: | 002 | | |
| Protection Class: | 4 | | |
| Zone: | 001 | | |

| Coverage and Rating | | Limit | Premium |
|---|---|---|---|
| Residence  FRAME, NON-OWNER, 1 FAMILY | | | |
| Dwelling Coverage | | 35,900 | 253.00 |
| Personal Property Coverage | | 5,000 | 41.00 |

**Other Optional Coverages**

| | |
|---|---|
| B-645.2-B | Amendatory Endorsement-Arkansas |
| B-697.3-B | Inflation Protection Endorsement |
| B-847-B | Addition of the Peril of Vandalism |

**EXHIBIT**
A

PENGAD 800-631-6989

8/

## Inquiry - Dwelling - Summary - 03-73-C-7175097-2

# Summary of Application/Policy Data

### Location

| | |
|---|---|
| Street Address: | 111 GILSON |
| City: | DE QUEEN |
| State: | ARKANSAS |
| Zip: | 71832 |
| County: | SEVIER |

### Agent

| | |
|---|---|
| Agent: | WOODS AGENCY INC |
| ID: | 03-9588-74 |
| Address: | 305 COLLIN RAYE DR |
| | DE QUEEN , AR 71832 |
| Phone: | 870-584-4542 |
| Commission: | Renewal |
| Policy Origination: | Mainframe |

### Named Insured

Mailing Name: TOLEDANO, FABIAN
Address: 111 W GILSON
DE QUEEN, AR 71832 - 3237

| | |
|---|---|
| Home Phone: | (870) 642-9617 |
| Work Phone: | |
| Primary SSN: | 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 |
| Secondary SSN: | |

### Policy 03-73-C-7175097-2    This policy is in Permanent Lapsed status.
### Document Delivery Preference: Undecided    (Modify)

| | | | |
|---|---|---|---|
| Policy Effective Date: | 07/26/2009 | Company: | SHELTER GENERAL INSURANCE CO |
| Policy Effective Time: | 12:01 AM | | |
| Expiration Date: | 07/26/2010 | | |

| | |
|---|---|
| Product: | DW |
| Policy Form: | B-450-B |
| Eligibility: | |
| Policy Deductible: | 500 |
| Other Perils: | Basic - Vandalism |
| Term: | 12 Months |
| Payment Plan: | Normal Payment Method |
| Premium | 239.00 |

### Locations and Coverages

| PROPERTY AT 111 GILSON, DE QUEEN, AR | 239.00 |
|---|---|

| | |
|---|---|
| Fire Protection Provider: | DeQueen |
| Fire Protection Provider Code: | 002 |
| Protection Class: | 4 |
| Zone: | 001 |

| Coverage and Rating | | Limit | Premium |
|---|---|---|---|
| Residence  FRAME, OWNER, 1 FAMILY | | | |
| Dwelling Coverage | | 15,100 | 158.00 |
| Personal Property Coverage | | 5,000 | 81.00 |

**Other Optional Coverages**

| | |
|---|---|
| B-645-B | Amendatory Endorsement - Arkansas |
| B-697-B | Inflation Protection Endorsement |
| B-726-B | Amendatory Endorsement - Debris Removal |

## nquiry - Dwelling - History - 03-73-C-7175097-2

08/23/20 12 11:30 AM

### Policy Information

| First Effective Date: | 07/26/1999 | Term: | 12 Months |
|---|---|---|---|
| Effective Date: | 07/26/2009 | Payment Plan: | Normal Payment Plan |
| Expiration Date: | 07/26/2010 | Unprocessed Premium: | 0.00 |
| | | Long/Short Amount: | 0.00 |
| Last Chargeable Claim Date: | | Barcoded Susp Amt: | 0.00 |

### Payment History

| Date Received | Processed By | Amount |
|---|---|---|
| 07/20/2009 | Agent | 239.00 |
| 07/21/2008 | Agent | 236.00 |
| 07/24/2007 | Agent | 232.00 |
| 06/30/2006 | Agent | 225.00 |
| 07/25/2005 | Agent | 242.00 |
| 07/26/2004 | Agent | 234.00 |
| 07/23/2003 | Agent | 204.00 |
| 07/24/2002 | Agent | 200.00 |
| 07/23/2001 | Agent | 200.00 |
| 07/28/2000 | Home Office | 200.00 |
| 08/10/1999 | Home Office | 200.00 |

### Accounts Receivable

| Date Billed | Billing Code | Amount |
|---|---|---|
| 08/20/2010 | Loss Payee Lapse | 239.00 |

### Payment Transaction History (HO)

| Date Processed | Payment Type | Fees | Amount |
|---|---|---|---|
| 07/20/2009 | Renewal | | 239.00 |
| 07/21/2008 | Renewal | | 236.00 |
| 07/24/2007 | Renewal | | 232.00 |
| 06/30/2006 | Renewal | | 225.00 |
| 07/25/2005 | Renewal | | 242.00 |
| 07/26/2004 | Renewal | | 234.00 |
| 07/23/2003 | Renewal | | 204.00 |
| 07/24/2002 | Renewal | | 200.00 |
| 07/23/2001 | Renewal | | 200.00 |
| 07/28/2000 | | | 200.00 |
| 08/10/1999 | | | 200.00 |

### Correspondence

Report Date 📅   Document Type 📄

| | |
|---|---|
| 08/20/2010 | Mortgagee/Loss Payee Cancellation |
| 08/20/2010 | Mortgagee/Loss Payee Cancellation |
| 08/10/2010 | Insured's (President's) Lapse Letter |
| 07/31/2010 | Lapse Notice |
| 06/22/2010 | Billing Notice |
| 06/21/2010 | Billing Notice - Agent Copy |

 476819       4       10438



## SWORN STATEMENT IN PROOF OF LOSS – PERSONAL PROPERTY

STATE OF _____Arkansas_____ )   COUNTY OF _____Sevier_____ )

To the _____Shelter Mutual_____ Insurance Company of Columbia, Missouri

At time of loss you insured the property described in Schedule "A", according to the terms and conditions of policy number _____03-73-C-7175097-2_____ and all forms, endorsements, transfers and assignments attached thereto.

1. TIME AND CAUSE: A loss occurred about the hour of __4.20__ o'clock __P__ M., on the __14th__ day of __July__ __2010__. The cause of the loss was: __Fire.__

2. OCCUPANCY: The building insured or containing the property insured was occupied at the time of the loss as follows and for no other purpose whatever: __At the time they were moving their belongings but was not living in home.__

3. TITLE AND INTEREST: At the time of the loss no one else had any interest in the property except: __Fabian Medano__

4. CHANGES:  Since the policy was issued there have been no assignments thereof, or changes in ownership, use, occupancy, possession, location or exposure to hazardous conditions of the property insured except:

5. TOTAL INSURANCE: The total amount of Insurance on the property insured was, at the time of the loss, $ __5,000__. There was no other policy, written or oral, valid or invalid, insuring the property except as shown on Schedule "B".

6. THE ACTUAL CASH VALUE of the personal property at the time of the loss was .......... $ __5,000__

7. WHOLE LOSS AND DAMAGE........................................................................ $ __5,000__
This is the full dollar amount of the loss which you are claiming to the personal property insured under this policy.  The amount of loss to the personal property will be the amount taken from the last column of the Schedule "C" and should include any applicable sales tax for your area.

8. THE TOTAL AMOUNT CLAIMED under the policy is ........................................ $ __5,000__

9. The loss did not originate by any act, design or procurement on my part; nothing has been done by me or with my consent to violate the conditions of the policy, or make it void.  Schedule "C" hereof is a list of all items destroyed or damaged.  No articles are mentioned therein except those that were destroyed or damaged at the time of the loss.  Each item described in Schedule "C" was of the value before the loss and was damaged in the amount shown thereof.  The original cost of each item, the place of purchase and the age at the time of loss are all as shown thereon.  No property saved has in any manner been concealed, and no attempt to deceive the Company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this Sworn Statement in Proof of Loss.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of its rights.

WARNING:  Any person who knowingly and with intent to injure, defraud, or deceive an insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information commits a criminal offense that is punishable by imprisonment and/or fine.  Any insurance company or agent who knowingly provides false, incomplete, or misleading information for the purpose of defrauding a policyholder or claimant in a claim settlement must be reported to the State Division of Insurance.

VERONICA ROMERO
SEVIER COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires August 28, 2018
Commission No. 12367817

__Fabian Toledano__
__Martha Alvizao__
Insured

Subscribed and sworn to before me this __14__ day of __September 2010__

__Veronica Romero__
Notary Public



EXHIBIT
B

## SCHEDULE "A" – PROPERTY INSURED

| Coverage or Item Number | | Amount Insurance | Description of Property |
|---|---|---|---|
| Fire | | $5,000.00 | Personal Property |
| | | | |
| | | | |
| | | | |

Location of Property: _____

## SCHEDULE "B" – OTHER INSURANCE

| Policy No. | | Expires | Name of Company |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## SCHEDULE "C"
## DESCRIPTION OF PERSONAL PROPERTY AND AMOUNT OF LOSS
## (TO BE ATTACHED)

WARNING: Any person who knowingly and with intent to injure, defraud, or deceive an insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information commits a criminal offense that is punishable by imprisonment and/or fine. Any insurance company or agent who knowingly provides false, incomplete, or misleading information for the purpose of defrauding a policyholder or claimant in a claim settlement must be reported to the State Division of Insurance.

X *FABIAN Takada*
∴ *Martha Chavez*
Insured


476659


4


10438



## SWORN STATEMENT IN PROOF OF LOSS – DWELLING/STRUCTURE

STATE OF _Arkansas_ )          COUNTY OF _Sevier_ )

To the _Shelter Mutual_ Insurance Company of Columbia, Missouri

At time of loss you insured the property described in Schedule "A", according to the terms and conditions of policy number _03-73-7175097-1_ and all forms, endorsements, transfers and assignments attached thereto.

1. TIME AND CAUSE: A loss occurred about the hour of _4:00_ o'clock _P_ M., on the _20_ day of _July_, _2010_. The cause of the loss was:
   _Fire Damage_

2. OCCUPANCY: The building insured or containing the property insured was occupied at the time of the loss as follows and for no other purpose whatever:
   _No one was occupied it._

3. OWNERSHIP AND INTEREST: At the time of the loss no one else had any interest in the property except:
   _Fabian Toledano_

4. CHANGES: Since the policy was issued there have been no assignments thereof, or changes in ownership, use, occupancy, possession, location or exposure to hazardous conditions of the property insured except:

5. TOTAL INSURANCE: The total amount of insurance on the property insured was, at the time of the loss, $ _15,100_. There was no other policy, written or oral, valid or invalid, insuring the property except as shown on Schedule "B".

6. THE ACTUAL CASH VALUE of the property at the time of the loss was.........................$ _15,100_

7. WHOLE LOSS AND DAMAGE................................................................................$ _15,100_
   This is the full dollar amount of the loss which you are claiming to the real property insured under this policy. The amount of loss to the real property is what it will cost to rebuild or repair the damaged or destroyed building. The amount of loss will be the amount taken from the last column of the Proof of Loss.

8. THE TOTAL AMOUNT CLAIMED under the policy is ....................................................$ _15,100_

9. The loss did not originate by any act, design or procurement on my part; nothing has been done by me or with my consent to violate the conditions of the policy, or make it void. The Proof of Loss hereof is a list of all items destroyed or damaged. No items are mentioned therein except those that were destroyed or damaged at the time of the loss. Each item described in Proof of Loss was of the value before the loss and was damaged in the amount shown thereon. The building date purchased, amount paid and repair cost of building are all as shown thereon. No property saved has in any manner been concealed, and no attempt to deceive the Company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered as part of this Sworn Statement in Proof of Loss.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of its rights.

**WARNING:** Any person who knowingly and with intent to injure, defraud, or deceive an insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information commits a criminal offense that is punishable by imprisonment and/or fine. Any insurance company or agent who knowingly provides false, incomplete, or misleading information for the purpose of defrauding a policyholder or claimant in a claim settlement must be reported to the State Division of Insurance.

VERONICA ROMERO
SEVIER COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires August 28, 2018
Commission No. 12567017

_FABIAN Toledano_
Insured

Subscribed and sworn to before me this _14_ day of _September 2012_.

Notary Public


**EXHIBIT**
C
PENGAD 800-631-6989

# PROOF OF LOSS – DWELLING / STRUCTURE

476659

4

10436

Dwelling: _____

Other Structure: _____

Dwelling: _11 W. Grison Ave Between Av. 7th2_ Insured: __TOLEDANO, FABIAN__

Other Structure: _115 w. Grison Ave Oc Obson_ Page _____ of _____ Policy Number: _DW00000476659_   Date of Loss: _07/19/2010_

**Instructions:** Please use a pen or type. We have included some instructions with this form to make it easier for you. Please call with any questions.

1) Protect your property from more damage. Make your list one structure at a time.
2) Complete this form accurately and as completely as possible.
3) Attach a full copy of each estimate and any document you have showing recent repairs to the building before the loss, like receipts, photographs and cancelled checks.

| 1.<br>Building Damage | 2.<br>Estimate Obtained From<br>(include Name, Address and Contact No.) | 3.<br>Date Building<br>Purchased | 4.<br>Amount<br>Paid | 5.<br>Repair Cost<br>of Building | 6.<br>Total Restora-<br>tion Cost |
|---|---|---|---|---|---|
| Total loss for fire damage | Travis | July 1984 | 42,000 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | **TOTALS** | $ | $ | $ |

**WARNING:** Any person who knowingly and with intent to injure, defraud, or deceive an insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information commits a criminal offense that is punishable by imprisonment and/or fine. Any insurance company or agent who knowingly provides false, incomplete, or misleading information for the purpose of defrauding a policyholder or claimant in a claim settlement must be reported to the state Department of Insurance.

C-67.6-C




**READ THIS CAREFULLY BEFORE SIGNING.** By signing this, I warrant that: (1) all the information I am providing to Shelter about this loss is true; (2) I have not done anything to cause or contribute to the loss; (3) I have not done anything, and no one else has done anything with my knowledge or consent, that violates the Policy; (4) I'm claiming property damaged or destroyed only by this loss, and I am not concealing any undamaged property; (5) I am not deceiving Shelter about the loss or damages; (6) even if a Shelter representative gave me this form or helped me prepare it, Shelter does not waive any of its rights, and (7) all the answers are mine.

INSURED'S SIG. _Sabien Toledano_   INSURED'S SIG. _____   DATE _8-17-16_

# SCHEDULE "C" OF PROOF OF LOSS – PERSONAL PROPERTY

476619

**SHELTER**

Room: _____
Instructions: YOU HAVE JUST SUFFERED A LOSS TO YOUR PERSONAL PROPERTY THAT WILL REQUIRE SOME TIME TO PROPERLY LIST. THE INSTRUCTIONS AND THIS FORM WILL MAKE THAT EASIER FOR YOU. PLEASE USE A PEN.

1) Separate the damaged from the undamaged items and protect all items from more damage. Make your list one room at a time.
2) Complete this form as completely as possible.
3) Attach any document you have to show ownership and the items' cost, such as receipts, cancelled checks, credit slips, warranty booklets, operating instructions, photographs.

Page _____ of 4

Insured: Policy Number: 03-73-C-7175097-2   Date of Loss: 07/19/2010
Insured: TOLEDANO, FABIAN

| Item # | Quant. | Property Description (include mfr, brand name, serial and model numbers) | Purchased or Obtained From (include Address) | Date Purchased or Acquired | New (N) Used (U) | Amount Paid | Current Replacement Cost | Cost to Repair or Restore | Amount of Loss (include applicable sales tax) |
|---|---|---|---|---|---|---|---|---|---|
| A | | Refrigerator Frigidaire (S | 1020 Meno St. Men Ra. | 2013 | N | 1,100- | | | |
| A | | Dining Table | 1020 Mena St Men 71055 | 2013 | N | 1,600- | | | |
| 2 pc | | Sectional Sofa (Ashleys furn) | " | 2,500 | N | 900- | | | |
| | | Microoven (Whirlpool) | Bus 1141 w. Chillin Rose Dr. | 2010 | N | 1,50- | | | |
| | | Microwave Oven | Keys D | 2010 | N | 50- | | | |
| | | Table Kitchen | Barnes Bible Chin Rose Dr | 2014 | N | 200- | | | |
| | | Chairs 2 pair ea. Model | Ross 4p. 1405 | 0864 | N | 150- | | | |
| | | Items - BH 2 chairs | wasal 1920den Rags | 2014 | N | 300- | | | |
| | | Bkd FV Niki Shoes (Shoes) | Helper sysens | 2010 | N | 110- | | | |
| | | Ikd 6 - Niki Scarves | Sale | 2010 | N | 45- | | | |
| | | Child 16 Black Table | Walmart Souts | 2010 | N | 60- | | | |
| | | | | | | **TOTAL** $ | | | |

WARNING: Any person who knowingly and with intent to injure, defraud, or deceive an insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information commits a criminal offense that is punishable by imprisonment and/or fine. Any insurance company or agent who knowingly provides false, incomplete, or misleading information for the purpose of defrauding a policyholder or claimant in a claim settlement must be reported to the State Division of Insurance.

READ THIS CAREFULLY BEFORE SIGNING. By signing this, I am warranting that: (1) all the information I am providing to Shelter about this loss is true; (2) I have not done anything to cause or contribute to the loss; (3) I have not done anything, and no one else has done anything with my knowledge or consent, that violates the Policy; (4) my claim includes property damaged or destroyed only by this loss, and I am not concealing any undamaged property; (5) I am not deceiving Shelter about the extent of the loss or the damages; (6) although a Shelter representative may have given me this blank form or even helped prepare it, that does not waive any of Shelter's rights, and all the answers are mine.

INSURED'S SIG. _____   INSURED'S SIG _____   DATE 0-21-10

C-68.15-C   Policy Edition 10-1966


EXHIBIT D

476619

10435

# SCHEDULE "C" OF PROOF OF LOSS – PERSONAL PROPERTY

Room: _____

Page _____ of _____   Insured: TOLEDANO, FABIAN   Policy Number: 03-73-C-7175097-2   Date of Loss: 07/19/2010

**Instructions:** YOU HAVE JUST SUFFERED A LOSS TO YOUR PERSONAL PROPERTY THAT WILL REQUIRE SOME TIME TO PROPERLY LIST. THE INSTRUCTIONS AND THIS FORM WILL MAKE THAT EASIER FOR YOU. PLEASE USE A PEN.

1) Separate the damaged from the undamaged items and protect all items from more damage. Make your list one room at a time.
2) Complete this form as completely as possible.
3) Attach any document you have to show ownership and the items' cost, such as receipts, cancelled checks, credit slips, warranty booklets, operating instructions, photographs.

| Item # | Quant. | Property Description (include mfr., brand name, serial and model numbers) | Purchased or Obtained From (include Address) | Date Purchased or Acquired (d) | New (N) or Used (U) | Amount Paid | Current Replacement Cost | Cost to Repair or Restore | Amount of Loss (include applicable sales text) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | NIKE SHOES | Shopping stores | 2010 | N | 76- | | | |
| 1 | | Dress shirts (S of) | Winn Dixie On | 2011 | N | 40- | | | |
| 40 | | Socks & Pants (set) | WalMart | 2010 | N | 240.57 | | | |
| 3 | | Belts (Guess) | Guess store | 2011 | N | 150- | | | |
| 1 | | Necklace (F Leyton Necklace) | Multi cycle | 2004 | N | 350- | | | |
| 15 | | Pants (Rangler) | WalMart LLG | 2010 | N | 375- | | | |
| 15 | | Shirts (High Recreation) | WalMart Dr | 2010 | N | 105- | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | TOTAL $ | | |

**WARNING:** Any person who knowingly and with intent to injure, defraud, or deceive an insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information commits a criminal offense that is punishable by imprisonment and/or fine. Any insurance company or agent who knowingly provides false, incomplete, or misleading information for the purpose of defrauding a policyholder or claimant in a claim settlement must be reported to the State Division of Insurance.

**READ THIS CAREFULLY BEFORE SIGNING.** By signing this, I am warranting that: (1) all the information I am providing to Shelter about this loss is true; (2) I have not done anything to cause or contribute to the loss; (3) I have not done anything, and no one else has done anything with my knowledge or consent, that violates the Policy; (4) my claim includes property damaged or destroyed only by this loss, and I am not concealing any undamaged property; (5) I am not deceiving Shelter about the extent of the loss or the damages; (6) although a Shelter representative may have given me this blank form or even helped prepare it, that does not waive any of Shelter's rights, and all the answers are mine.

INSURED'S SIG. _____Fabian Toledano_____     INSURED'S SIG. _____Maria Olinto Zarate_____   DATE _____



478619

10435

# SCHEDULE "C" OF PROOF OF LOSS – PERSONAL PROPERTY

Room: _____   Page ____ of ____   Insured: **TOLEDANO, FABIAN**   Policy Number: **03-73-C-71750972**   Date of Loss: **07/18/2010**

**Instructions:** YOU HAVE JUST SUFFERED A LOSS TO YOUR PERSONAL PROPERTY THAT WILL REQUIRE SOME TIME TO PROPERLY LIST. THE INSTRUCTIONS AND THIS FORM WILL MAKE THAT EASIER FOR YOU. PLEASE USE A PEN.

1) Separate the damaged from the undamaged items and protect all items from more damage. Make your list one room at a time.
2) Complete this form as completely as possible.
3) Attach any document you have to show ownership and the items' cost, such as receipts, cancelled checks, credit slips, warranty booklets, operating instructions, photographs.

| Item # | Quant. | Property Description (include mfr., brand name, serial and model numbers) | Purchased or Obtained From (include Address) | Date Purchased or Acquired | New (N) Used (U) | Amount Paid | Current Replacement Cost | Cost to Repair or Restore | Amount of Loss (include applicable sales tax) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | Furnitures (1 bedroom) | De Hijos Vision Clinic | 2008 | N | 500- | | | |
| 2 | 20 | Jeans | | 2008 | N | 300- | | | |
| 3 | 1 | Stove was very old | Shelle Ross Training Center | 2011 | U | 400- | | | |
| 4 | 1 | Clothes | Jericas | | | | | | |
| 5 | 1 | House | Hard Plate | | | | | | |
| 6 | 1 | Microwave | U.S. Postal Service | 2009 | N | 165- | | | |
| 7 | 5 | Undergarments | Ross Penn Walmart | 03-19-10 | N | 345- | | | |
| 8 | 10 | Perfumes | Extra Ave | 2009 | N | 375- | | | |
| 9 | 4 | Quick Vinegar | Nace | 2010 | N | 50- | | | |

**WARNING:** Any person who knowingly and with intent to injure, defraud, or deceive an insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete, or misleading information commits a criminal offense that is punishable by imprisonment and/or fine. Any insurance company or agent who knowingly provides false, incomplete, or misleading information for the purpose of defrauding a policyholder or claimant in a claim settlement must be reported to the State Division of Insurance.

**READ THIS CAREFULLY BEFORE SIGNING.** By signing this, I am warranting that: (1) all the information I am providing to Shelter about this loss is true; (2) I have not done anything to cause or contribute to the loss; (3) I have not done anything, and no one else has done anything with my knowledge or consent, that violates the Policy; (4) my claim includes property damaged or destroyed only by this loss, and I am not concealing any undamaged property; (5) I am not deceiving Shelter about the extent of the loss or the damages; (6) although a Shelter representative may have given me this blank form or even helped prepare it, that does not waive any of Shelter's rights, and all the answers are mine.

TOTAL $ _____

INSURED'S SIG. _____   INSURED'S SIG. _____   DATE 2-27-16

C-68.15-C






**SHELTER
INSURANCE
COMPANIES**
**SHELTER MUTUAL**
**SHELTER GENERAL**

04/09/2012

FABIAN TOLEDANO
111 W GILSON
DE QUEEN, AR 71832-3237

RE:   Claim Number:   DW0000000476619
      Date of Loss:    07/19/2010
      Insured:         TOLEDANO, FABIAN

Dear Mr. Toledano:

Shelter Mutual Insurance Company is writing to explain why it is not paying these claims. This letter is a personal and confidential communication between you and Shelter and is not intended for publication to others for any reason.

Shelter has completed its investigated into the fire loss reported to have occurred on July 19, 2010. Our investigation shows that this was a set fire. You claimed dwelling and personal property damage to the property at 111 W. Gilson and exterior damage to the 115 W Gilson from the same fire.

The policy only covers accidental loss to property. Your Dwelling Policy states in part:

DEFINITIONS
The terms defined below appear in bold type throughout this policy:

1. "You" and "your" mean the insured named in the Declarations and spouse if living in the same household.

2.     "We", "us" and "our" mean the Company providing this insurance.

***

4.     "Insured" means:

    (a)     you;

    (b)     your relatives residing in your household;

    (c)     any other person under the age of 21 residing in your household who is in your care or the care of a resident relative.

***



EXHIBIT

E

Shelter Insurance Companies • LR • PO Box 6008 • Columbia, MO 65205-6008

DWELLING COVERAGE

We cover:

1.    Your dwelling, including structures attached to it, at the residence premises. The dwelling must be used principally as a private residence.

***

We do not cover:

7.    Money, bank notes, bullion, coins and medal and other numismatic property.

***

PERSONAL PROPERTY COVERAGE

We cover personal property owned or used by an insured anywhere in the world. However, coverage away from the residence premises is limited to 10% of the Personal Property limit.

***

PERILS WE INSURE AGAINST

We cover direct loss to property insured under the Dwelling, Other Structures and Personal Property Coverages caused by the following except as provided in the exclusions:

1.    Fire or Lightning.

***

EXCLUSIONS

We do not cover loss:

(a) resulting directly or indirectly from any of the following events;

(b) which would not have occurred in the absence of any of the following events;

(c) which occurs regardless of the cause of any of the following events; or

(d) if loss occurs concurrently or in any sequence with any of the events.

* * *

5.    Neglect of an insured to use all reasonable means to protect covered property at and after the time of loss or when property is threatened by a peril we insure against.

* * *

CONDITIONS
* * *

17.    Concealment or Fraud. This entire policy is void as to all insureds if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

The fire loss is not covered because it occurred intentionally by or at the direction of an insured person. Additionally, the loss is not covered because an insured person intentionally concealed or misrepresented material facts or circumstances relating to the loss and claim. For these reasons, Shelter denies the claims you have presented from this fire.

Shelter does not waive any other defense it may have under the policy issued to you whether those defenses are now available to it or may become available to it in the future or as counsel may advise.

Sincerely,


Travis Kinder
Claims Department
Phone:    501-276-5916
Fax:      888-742-5671
Email:    TKinder@ShelterInsurance.com

cc: