IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FABIAN TOLEDANO                                                                                          PLAINTIFF

vs.                                          Case No. 4:12-cv-04135

SHELTER MUTUAL INSURANCE
COMPANY, *et al*                                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

  Defendants, Shelter Mutual Insurance Company, Shelter General Insurance Company and Shelter Insurance Company, (collectively "Shelter"), filed a Motion for Partial Summary Judgment. ECF No. 11.[1] Plaintiff, Fabian Toledano, filed his response. ECF No. 14. This motion was referred to this Court by the Honorable Susan O. Hickey pursuant to 28 U.S.C. § 636(b)(1) for the purpose of making a report and recommendation. A hearing was held on this matter on February 13, 2014.

**1. Background**:

  This case arises from a fire that occurred at 111 West Gilson Street, DeQueen, Arkansas, on July 19, 2010, at a home insured by Shelter and owned by Plaintiff, which resulted in a total loss, and exterior damage to a neighboring home insured by Shelter, and also owned by Plaintiff, at 115 West Gilson. At the time of the fire, there was neither electric nor gas utilities connected to the house at 111 West Gilson. Further, no one was living in the home. Following Shelter's investigation into the fire loss, which included a fire origin and cause investigation and Examinations Under Oath of the Plaintiff, his wife, and two adult children, the Plaintiff's claim was denied.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

Plaintiff's Complaint for this loss includes a claim of bad faith against Shelter. This bad faith claim is composed of the following factual assertions: (1) Shelter did not provide Plaintiff with a Spanish translator at his Examination Under Oath ("EUO") or a Spanish translated copy of Plaintiff's EUO, (2) Shelter sent Plaintiff a request to read and sign his examination in English and not Spanish, and (3) Shelter failed to properly investigate the origin of the fire. ECF No. 3.

With this current Motion, Shelter asserts there are no issues of fact in support of Plaintiff's claim of bad faith as made in the Complaint. ECF No. 11.

## 2. Applicable Law:

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, the court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . .

. but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

**3. Discussion:**

Plaintiff has filed suit against Shelter alleging, among other things, damages based on a claim of bad faith. ECF No. 3, Pgs. 4-6. The standard for establishing a claim for bad faith on the part of an insurance company is rigorous and difficult to satisfy. *Unum Life Ins. Co. of America v. Edwards*, 362 Ark. 624, 627, 210 S.W.3d 84, 87 (2005). In order to state a claim for bad faith, a claimant must allege the defendant insurance company engaged in affirmative misconduct that was *dishonest, malicious,* or *oppressive.* *Id.*

The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct. *Unum Life Ins. Co. of America*, 362 Ark. at 627, 210 S.W.3d at 88. To prevail on a claim of bad faith, Plaintiff must show (1) affirmative dishonest, malicious, or oppressive conduct, (2) that is carried out by the insurer to avoid a just obligation to it's insured, and (3) is done with a state of mind characterized by hatred, ill will, or a spirit of revenge. *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 991 S.W.23d 555 (1999). Negligence, bad judgment, nightmarish red tape, hardball attitude, delaying investigations for months, and failure to provide a reason for the company's initial refusal of payment do not constitute bad fath. *Id.*

Furthermore, an insurer's inaction is not affirmative misconduct that will support a bad faith claim. *Findley v. Times Ins. Co.*, 264 Ark. 647, 653, 573 S.W.2d 908, 911 (1978). Therefore, allegations an insurer has failed to explain, failed to investigate, and failed to contact the plaintiff do not give rise to a bad faith claim. *Id.*

As mentioned above, Plaintiff's claim of bad faith is based in part on the factual assertions (1) Shelter did not provide Plaintiff with a Spanish translator at his EOU or a Spanish translated copy of

Plaintiff's EUO, (2) Shelter sent Plaintiff a request to read and sign his examination in English and not Spanish, and (3) Shelter failed to properly investigate the origin of the fire.  First, Plaintiff alleges Shelter failed to provide Plaintiff with a Spanish translator at his EUO, or a Spanish translated copy of the EUO.  He also alleges Shelter sent all correspondence to him in English and not Spanish.  Under the terms of the insurance policy in question, Plaintiff agreed to submit to a EUO by any person named by Shelter, as often as may be required.  ECF No. 11-1, Pg. 10.  There is no language in the policy that requires Shelter to provide a Spanish translator for EUO's or communicate with insureds in Spanish.  Further, Plaintiff stated in his deposition (1) he never requested Shelter provide a translator for his EUO, (2) he admitted he brought an individual to his EUO who is an interpreter at his church, and (3) he had access to individuals who could assist in translating the EUO and any correspondence into Spanish.  ECF No. 11-2.

      Second, Plaintiff also alleged Shelter failed to properly investigate the origin of the fire and this amounted to bad faith.  ECF 3, Pgs. 4-5.  In support of this, Plaintiff argues Shelter hired a fire investigator to examine the scene of the fire.  As part of the investigation, the investigator spoke with the DeQueen Fire Marshal, and claimed in his report the fire marshal investigated the fire and determined it to be arson.  The investigator also claimed the fire was started by an open flame that was a deliberate act of a person or persons.  However, according to Plaintiff, when an associate contacted the fire marshal regarding the alleged arson investigation, the fire marshal stated the fire department made no determination as to whether the fire was arson.  ECF No. 14, Pgs. 6-7.

      Assuming all of the above-listed facts as true and giving Plaintiff all favorable inferences from those facts, I find no genuine issue of material fact which would allow a jury, applying Arkansas law, to conclude these actions constituted bad faith.  Mere negligence, bad judgment, mistake, confusion,

and even the mere denial of a claim are insufficient to justify the imposition of bad faith. *Stevenson v. Union Standard Ins. Co.*, 294 Ark. 651, 654, 746 S.W.2d 39, 40 (1988).

I find Plaintiff's allegations Shelter failed to provide an interpreter at the EUO, failed to translate the EUO and correspondence into Spanish, disputing claims, and characterizing the fire as arson do not rise to the level of egregiousness required to support Plaintiff's bad faith claims.

### 4. Conclusion:

Based on the forgoing, it is recommended Defendants' Motion for Partial Summary Judgment (ECF. No. 11) be **GRANTED** and Plaintiff's claims based on bad faith be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **10th day of April 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE