IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FABIAN TOLEDANO                                                                                               PLAINTIFF

VS.                                             CASE NO. 4:12-CV-4135

SHELTER MUTUAL INSURANCE
COMPANY; SHELTER GENERAL
 INSURANCE COMPANY; and
SHELTER INSURANCE COMPANIES                                                              DEFENDANTS

## ORDER

Before the Court is Defendants' Motion in Limine. (ECF No. 25). Plaintiff has filed a response to the motion. (ECF No. 28). The Court finds this matter ripe for consideration. The motion will be granted. Defendants request that the Court instruct Plaintiff to refrain from referencing the following at trial:

1. Offering evidence, or creating a negative inference that Plaintiff has not been arrested, indicted, or convicted concerning the subject incident. Defendants' motion is **GRANTED**. *See Warren v. State Farm Fire & Cas. Co.*, 3:05 CV 260, 2007 WL 158741 at *2 (E.D. Ark. Jan. 17, 2007) ("'As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges.'").

2. Using disparaging or prejudicial language regarding Shelter. Defendants' motion is **GRANTED**. However, what constitutes overly prejudicial language will have to be determined on a case by case basis at trial.

3. Introducing any evidence of Plaintiff's character or reputation to bolster his credibility. Defendants' Motion is **GRANTED**. Federal Rule of Evidence 404(a) provides that evidence of character as a general matter "is not admissible to prove that on a particular occasion the person

acted in accordance with the character or trait." Accordingly, Plaintiff may not offer character evidence for the purpose of bolstering his credibility or proving that he acted in accordance with his good character. However, Federal Rule of Evidence 404(b)(2) provides for limited exceptions regarding the admission of character evidence. Without any information regarding what character evidence Plaintiff might submit, the Court cannot rule on its admissibility pursuant to Rule 404(b). Accordingly, the door is still open for Plaintiff to show that his character evidence falls under the one of Rule 404(b)'s exceptions.

    IT IS SO ORDERED, this 22nd day of August, 2014.

                                             /s/ Susan O. Hickey
                                             Susan O. Hickey
                                             United States District Judge